UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Meagan M. White,
     Claimant

     v.                                   Case No. 12-cv-419-SM
                                          Opinion No. 2014 DNH 037
Carolyn W. Colvin, Acting Commissioner,
Social Security Administration,
     Defendant


                           **O R D E R**


     Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Claimant, Meagan M. White, moves to reverse the Commissioner's decision denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income Benefits under Title XVI of the Act, 42 U.S.C. §§ 423, 1381, et seq.  See document no. 9.  The Commissioner objects and moves for an order affirming her decision, document no. 11.


                          **Background**

I. Procedural History

     On March 23, 2009, claimant (who was then 24 years old) filed an application for Social Security Disability Insurance Benefits ("DIB benefits") and Supplemental Security Income ("SSI"), alleging that she had been unable to work since February 17, 2009.  She asserts eligibility for benefits based on

disabilities due to depression and anxiety.  Her application for benefits was denied and she requested an administrative hearing before an Administrative Law Judge (ALJ).

On November 7, 2011, claimant, her attorney, and an impartial vocational expert appeared before an ALJ.  On December 9, 2011, the ALJ issued a written decision, finding that claimant was not disabled.  On August 16, 2012, the Appeals Council denied claimant's request for review.  Accordingly, the ALJ's decision became the final decision of the Commissioner, subject to judicial review.

II.  Stipulated Facts

Pursuant to Local Rule 9.1(d), the parties submitted a Joint Statement of Material Facts, which is part of the court record (doc. no. 12), and need not be recounted in detail in this opinion.

**Standard of Review**

I.  "Substantial Evidence" and Deferential Review

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing." Factual findings and credibility determinations made by the Commissioner are conclusive if supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3). See also Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than a preponderance of the evidence, so the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966). See also Richardson v. Perales, 402 U.S. 389, 401 (1971).

Consequently, provided the ALJ's findings are properly supported, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position. See, e.g., Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988); Rodriquez v. Secretary of Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981).

II.  The Parties' Respective Burdens

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  See also 42 U.S.C. § 1382c(a)(3).  The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment.  See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, the claimant must prove, by a preponderance of the evidence, that her impairment prevents her from performing her former type of work.  See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985); Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).  If the claimant demonstrates an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform.  See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982).  See also 20 C.F.R. §§ 404.1512(g) and 416.912(g).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6 (1st Cir. 1982).  Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.

42 U.S.C. § 423(d)(2)(A).  See also 42 U.S.C. § 1382c(a)(3)(B).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm her decision.

## Discussion

I. The ALJ's Decision

The ALJ concluded that claimant was not disabled within the meaning of the Act.  In reaching her decision, the ALJ properly

employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  She first determined that claimant had not been engaged in substantial gainful employment since her alleged onset of disability.  Next, she concluded that claimant has the severe impairments of "affective disorder and anxiety disorder."  Administrative Record ("Admin. Rec.") at 16.

At step three, the ALJ found that claimant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."  Id. Rather, the ALJ found only "mild restriction" in activities of daily living; "moderate difficulties" in social functioning; and "mild to moderate difficulties" in concentration, persistence, and, pace.  Id. at 16-17.

Next, the ALJ found that claimant retained "the residual functional capacity to perform a full range of work without any exertional limitations," except that "[s]he is limited to unskilled work in an environment where tasks need to be performed in a solitary manner, without any tandem or teamwork tasks."  Id. at 18.  The ALJ further found that "[c]ontact with the general public, coworkers and supervisors must be limited to brief and superficial interactions," and claimant "must avoid jobs with strict production quotas."  Id.

Based upon the assessed RFC and the testimony of an independent vocational expert, the ALJ concluded that claimant "is capable of performing past relevant work as a shipping and receiving packer and as a cashier," and other jobs existing "in the national economy." Id. at 20-22. Consequently, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act, through the date of her decision. Id. at 22.

## II. Claimant's Arguments

On appeal, claimant argues that the ALJ committed numerous errors which require remand. The ALJ's decision is, in some respects, confusing, and it does contain factual errors, but none of that would, in isolation, warrant a remand.[1] Remand is warranted, however, on the more straightforward ground that the record does not contain an expert mental functional capacity assessment necessary to support the ALJ's RFC, and because the ALJ "sought to fill this void . . . with [her] lay inferences." Bond v. Social Security Admin., 2012 WL 313727, at *10 (D. Me. Jan. 30, 2012) (Kravchuk, M.J.), aff'd 2012 WL 568209, *1 (D. Me. Feb. 21, 2012).

---

[1] The claimant and the Commissioner devote many pages to attacking and defending, respectively, the confusing aspects of the ALJ's decision. The court need not decide, however, which party offers the best reconciliation of the decision's internal inconsistencies because other grounds to remand plainly exist.

In identifying claimant's functional limitations, the ALJ must "assess . . . her work-related abilities on a function-by-function basis." SSR 96-8p, 1996 WL 374184, at *1 (1996). Although the ALJ may supportably determine claimant's RFC without the benefit of an expert "super-evaluator," Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987), "an expert is needed" to help the ALJ assess the "extent of functional loss" in those instances where there is evidence that the claimant's functional limitations are more than "'relatively mild.'" Roberts v. Barnhart, 2003 WL 21435685, at *2 (1st Cir. 2003) (quoting Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17 (1st Cir.1996)). See also Couitt v. Astrue, 2012 WL 1114295, at *7-8 (D.N.H. April 3, 2012) (Barbadoro, J.) (finding that the ALJ was not entitled to exercise his lay judgment about functional limitations where the record suggested more than mild limitations); Puig v. Astrue, 2009 WL 1096500, at *4 (D.N.H. April 21, 2009) (DiClerico, J.) ("In general, an ALJ, as a lay person, cannot interpret a claimant's medical records to determine his residual functional capacity . . . . Instead, an ALJ must rely on residual functional capacity evaluations done by a physician or another expert.")

The ALJ, here, made the following RFC determination:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual

> functional capacity to perform a full range of work without any exertional limitations.  She is limited to unskilled work in an environment where tasks need to be performed in a solitary manner, without any tandem or teamwork tasks.  Contact with the general public, coworkers and supervisors must be limited to brief and superficial interactions.  She must avoid jobs with strict production quotas.

Admin. Rec., at 18.

In rendering her RFC, the ALJ declined to defer to any of the medical source opinions.  The ALJ gave "little weight" to the opinion of the state agency medical consultant, Craig Stenslie, Ph.D.; "little weight" to the opinion contained in the state APD Medical Eligibility Review Summary; "some, but not great weight" to the opinion of Donna Moore, White's treating therapist; and "some weight" to Dr. Stern's conclusion that claimant had moderate limitations in activities of daily living, social interactions, task performance, and stress reaction.  The ALJ was thereby left with no expert opinion to support the functional limitations contained in her RFC.  See Staples v. Astrue, 2010 WL 2680527, at *3 (D. Me. June 29, 2010) (Rich, M.J.) (holding that the ALJ, in assessing "little" or "some" weight to all of the expert reports, "essentially rejected all" of them, and therefore, "craft[ed]" her RFC without evidentiary support), aff'd 2010 WL 2854439, at *1 (D. Me. July 19, 2010).  Because evidence existed to suggest that claimant's functional limitations were more than "mild," the absence of any credited

9

expert opinion as to claimant's functional limitations renders the ALJ's RFC without adequate evidentiary support.

The Commissioner argues that the ALJ's RFC is saved by her alternative finding that the specific limitations contained in her RFC were, in any event, "consistent" with Dr. Sterns' findings of "moderate" limitations in four broad categories. The ALJ reached that alternative conclusion by making a lay assumption that "moderate" limitations in the four broad categories translate into the specific functional limitations the ALJ crafted. The ALJ determined that: "One must assume that a moderate limitation would not preclude the activities." Admin. Rec. at 20.

It is true that, under <u>Falcon-Cartagena v. Comm'r of Social Security</u>, 2001 WL 1263658, at *2 (1st Cir. Oct. 11, 2001) and <u>Quintana v. Comm'r of Social Security</u>, 2004 WL 2260103, at *1 (1st Cir. Oct. 7, 2004), it is not always error for an ALJ to infer that "moderate" limitations in some areas do not preclude work capacity. But unlike in those cases, here there is no detailed RFC assessment in the record to support the inference the ALJ drew. <u>See</u> e.g. <u>Falcon-Cartagena</u>, 2001 WL 1263658, at *2 (record contained detailed RFC assessments from two psychiatrists); <u>Quintana</u>, 2004 WL 2260103, at *1 (record included

detailed mental residual functional capacity report of non-examining consultants).  Dr. Sterns's opinion, which was not a detailed RFC assessment and which did not define "moderate," compare Hines v. Astrue, 2012 WL 2752192, at *10 (D.N.H. July 9, 2012) (Barbadoro, J.), cannot by itself, therefore, support the ALJ's findings regarding claimant's specific functional limitations.  See Taylor v. Astrue, 2010 WL 2025060, at *3 (D. Me. May 18, 2010) (ALJ's RFC findings were without factual support where the record did not contain a credited, detailed RFC assessment by a medical expert).  In short, the ALJ impermissibly filled the evidentiary void with her "lay inference[]."  Bond, 2012 WL 313727, at *10.

Accordingly, the ALJ's step four "comparison of the demands of claimant's past work with her mental functional capacity . . . is not supported by substantial evidence" because the comparison was "based on an invalid RFC assessment."  Roberts, 2003 WL 21435685, at *2 (remanding to Commissioner where the ALJ's RFC was based only on her lay assumptions).

**Conclusion**

Claimant's motion to reverse the decision of the Commissioner (doc. no. 9) is granted. The Commissioner's motion to affirm his decision (doc. no. 11) is denied. This case is remanded for further proceedings. Because remand is pursuant to sentence four of 42 U.S.C. Sec. 405(g), the Clerk of the Court is instructed to enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 26, 2014

cc: Raymond J. Kelly, Esq.
    T. David Plourde, AUSA